# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

-----------------------------------------------------------------------x

Shawanda Brown,

               Plaintiff,                              **C.A. No.:**

     -against-                                 **Demand for Trial by Jury**

Experian Information Solutions, Inc.,
Transunion, LLC,
Equifax Information Services, LLC,
Tower Loan,
JH Portfolio Debt Equities, LLC,

               Defendant(s).

-----------------------------------------------------------------------x

## COMPLAINT

Plaintiff Shawanda Brown ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Tower Loan ("Tower Loan"), and Defendant JH Portfolio Debt Equities, LLC ("JH"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from the Defendants who are debt collectors, violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

5. Plaintiff is a resident of the State of Georgia, County of Rockdale.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation and may be served with process upon Lisa Stockard, its

registered agent for service of process at 1550 Peachtree St. NE, Atlanta, GA 30309.

8.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

9.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Georgia, and may be served with process upon CT Corporation System, its registered agent for service of process at 289 S. Culver St., Lawrenceville, GA 30046.

11. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

12. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon the Prentice Hall Corporation System, Inc., its registered agent for service of process at 40 Technology Parkway South, #300, Norcross, GA, 30092.

14. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

15. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant Tower Loan is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at 406 Liberty Park Ct., Flowood, MS, 39232.

17. Defendant JH Portfolio Debt Equities, LLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service CT Corporation System, its registered agent for service of process at 289 S. Culver St., Lawrenceville, GA 30046.

18. Defendant JH is a "debt collector" as the phrase is defined in 15 U.S.C.

    § 1692(a)(6) and used in the FDCPA.

19. Defendant JH was acting as a debt collector with respect to the collection of

    the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this

    Complaint as though fully stated herein with the same force and effect as if

    the same were set forth at length herein.

### Tower Loan Dispute and Violation

21. On information and belief, on a date better known to Defendants

    Transunion, and Equifax, hereinafter ("Credit Bureaus"), Credit Bureaus

    prepared and issued credit reports concerning the Plaintiff that included

    inaccurate information relating to her Tower loan.

22. The inaccurate information furnished by Defendant Tower and published by

    Credit Bureaus is inaccurate since the account has late notations for months

    in which she paid, specifically October 2018-February 2019.

23. The Credit Bureaus have been reporting this inaccurate information through

    the issuance of false and inaccurate credit information and consumer reports

that they have disseminated to various persons and credit grantors, both

known and unknown.

24. Plaintiff notified the Credit Bureaus that she disputed the accuracy of the

information they were reporting on or around January 7, 2019, via dispute

letters sent to each bureau.

25. It is believed and therefore averred that the Credit Bureaus notified

Defendant Tower of the Plaintiff's disputes.

26. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus,

Tower failed to conduct a reasonable investigation and continued to report

false and inaccurate adverse information on the consumer report of the

Plaintiff with respect to the disputed account.

27. Had Tower conducted a reasonable investigation it would have been

revealed that the debt was being reported with incorrect late payments.

28. Additionally, Defendant Tower failed to continuously mark the account as

disputed despite receiving notice of the Plaintiff's dispute.

29. Despite the dispute by the Plaintiff that the information on her consumer

report was inaccurate with respect to the dispute account, the Bureaus did

not evaluate or consider any of the information, claims, or evidence of the

Plaintiff and did not make an attempt to substantially reasonably verify that

the derogatory information concerning the disputed account was inaccurate.

30. The Credit Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

31. Notwithstanding Plaintiff's efforts, the Credit Bureaus sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

32. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## JH Dispute and Violation

33. On information and belief, on a date better known to Defendants Transunion, Experian, and Equifax, hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her JH collection account.

34. The inaccurate information furnished by Defendant JH and published by the Bureaus is inaccurate since the balance is incorrect. The Plaintiff does not recall owing any money to this company.

35. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

36. Plaintiff notified the Bureaus that she disputed the accuracy of the information they were reporting on or around January 7, 2019, via dispute letters sent to each bureau.

37. It is believed and therefore averred that the Credit Bureaus notified Defendant JH of the Plaintiff's disputes.

38. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, JH failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

39. Had JH conducted a reasonable investigation it would have been revealed that the debt was being reported inaccurately.

40. Additionally, Defendant JH failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

41. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

43. Notwithstanding Plaintiff's efforts, the Bureaus sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

44. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

47. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

48. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

49. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

54. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

55. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

56. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

61. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

62. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

69. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Transunion)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

75. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

76. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

82. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

83. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

84. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

85. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Tower)

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

89. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

90. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

91. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

92. The Defendant Tower violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

93. Specifically, the Defendant Tower continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

94. Additionally, the Defendant Tower failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

95. As a result of the conduct, action and inaction of the Defendant Tower, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

96. The conduct, action and inaction of Defendant Tower was willful, rendering Defendant Tower liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

97. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Tower in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Tower, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Tower)

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

100. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

101. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

102.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

103.     Defendant Tower is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

104.     After receiving the Dispute Notices from Equifax and Transunion, Defendant Tower negligently failed to conduct its reinvestigation in good faith.

105.     Additionally, the Defendant Tower failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

106.     A reasonable investigation would require a furnisher such as Defendant Tower to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

107.     The conduct, action and inaction of Defendant Tower was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

108.     As a result of the conduct, action and inaction of the Defendant Tower, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

109.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Tower in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, Tower, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to JH)

110.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

111.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

112.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when

consumers dispute the accuracy and completeness of information contained in a consumer credit report.

113.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

114.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

115.    The Defendant JH violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

116.    Specifically, the Defendant JH continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

117.     Additionally, the Defendant JH failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

118.     As a result of the conduct, action and inaction of the Defendant JH, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

119.     The conduct, action and inaction of Defendant JH was willful, rendering Defendant JH liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

120.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant JH in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in her favor against Defendant, JH, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to JH)

121.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

122.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

123.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

124.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

125.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

126.    Defendant JH is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

127.    After receiving the Dispute Notices from the Credit Bureaus, Defendant

JH negligently failed to conduct its reinvestigation in good faith.

128.    Additionally, the Defendant JH failed to continuously mark the account

as disputed after receiving notice of the Plaintiff's dispute.

129.    A reasonable investigation would require a furnisher such as Defendant

JH to consider and evaluate a specific dispute by the consumer, along with all

other facts, evidence and materials provided by the agency to the furnisher.

130.    The conduct, action and inaction of Defendant JH was negligent,

entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

131.    As a result of the conduct, action and inaction of the Defendant JH, the

Plaintiff suffered damage for the loss of credit, loss of the ability to purchase

and benefit from credit, and the mental and emotional pain, anguish,

humiliation and embarrassment of credit denials.

132.    The Plaintiff is entitled to recover reasonable costs and attorney's fees

from the Defendant JH in an amount to be determined by the Court pursuant

to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shawanda Brown, an individual, demands judgment in

her favor against Defendant, JH, for damages together with attorney's fees and court

costs pursuant to 15 U.S.C. § 1681o.

## <u>ELEVENTH CAUSE OF ACTION</u>

**(Violation of the FDCPA as to JH)**

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

96. Defendant JH continued credit reporting and failure to notate the account as disputed, after receiving notice of the Plaintiff's dispute, is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), 1692e (8), 1692(10), and 1692f.

97. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

133.      Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g)  For statutory damages provided and pursuant to 15 U.S.C.

     § 1692k(a)(2)(A);

h)  For attorney fees and costs provided and pursuant to 15 U.S.C.

     § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15

     U.S.C. § 1640(a)(3);

i)  For any such other and further relief, as well as further costs, expenses

     and disbursements of this action as this Court may deem just and proper

Dated:  January 4, 2021                    Respectfully Submitted,

                                           s/ Misty Oaks Paxton
                                           By:  Misty Oaks Paxton, Esq.
                                           3895 Brookgreen Pt.
                                           Decatur, GA, 30034
                                           Phone: (404) 725-5697
                                           Fax: (775) 320-3698
                                           attyoaks@yahoo.com
                                           *Attorney for Plaintiff*

                                           /s/ Yaakov Saks
                                           **Stein Saks, PLLC**
                                           By:  Yaakov Saks
                                           285 Passaic Street
                                           Hackensack, NJ 07601
                                           Phone: (201) 282-6500 ext. 101
                                           Fax: (201)-282-6501
                                           ysaks@steinsakslegal.com
                                           pro hac vice pending